UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHELE M. BUCCIARELLI

              Plaintiff,                       No. 15-13900

v.                                      District Judge Nancy G. Edmunds
                                      Magistrate Judge R. Steven Whalen

WELLS FARGO HOME MORTGAGE,
ET AL.,

              Defendants.

_____/

**OPINION AND ORDER**

      This is, at its core, a mortgage foreclosure case. Plaintiff Rachele M. Bucciarelli appears without counsel. Before the Court is Defendant Countrywide Home Loans Servicing, L.P.'s ("Countrywide's") Motion to Enforce Settlement [Doc. #36].[1] For the reasons discussed below, the motion will be DENIED.

**I.    FACTS**

      On April 13, 2016, counsel for Defendant Countrywide sent Plaintiff a letter offering to settle the case against it for $500.00.[2] Countrywide proposed the following terms:

> "In the interest of concluding this litigation, my client has authorized me to offer you $500.00 in settlement of your purported claims against Countrywide. In return, you will agree to execute the Countrywide's standard Settlement Agreement and Release containing confidentiality and no-disparagement terms, as well as provide a W-9, before payment will issue. In addition, you will file a dismissal of all claims with prejudice as to

---

[1] Bank of America, N.A. is successor to BAC Home Loans Servicing. L.P., formerly known as Countrywide Home Loans Servicing, L.P.

[2] Exhibit A to Defendant's motion.

Countrywide."

Countrywide has submitted as Exhibit B a transcript of a voice mail message

purportedly left by Ms. Bucciarelli on April 29, 2016 at 3:43 p.m., which states:

> "Hey Ms. Wallace this is Rochelle but really responding to your letter dated
> April 13 I just got it. I don't know where it stands but I got it couple days
> ago regarding the settlement offer of $500 from countrywide. We can go
> ahead and do that.  So if you wanna give me a call back.  My number is____.
> I do have a lot of mistakes in the countrywide financial ere (?) Of those
> funds that were applied and miss applied to my account but my main focus
> is wells Fargo who purchased the loans from countrywide after countrywide
> made some substantial mistakes.  Give me a call back. Mary. Thanks bye."

On May 17, 2016, Countrywide's counsel sent Plaintiff a proposed written

settlement agreement containing the terms as set forth in its letter of April 13, 2016.[3]

Counsel states in Defendant's motion that on May 27, 2016, she spoke to Plaintiff on the

telephone, at which time Plaintiff stated that she misread the April 13 letter and thought

that she was offered $5,000.00 rather than $500.00 dollars.  Counsel states that between

June 6 and June 14, 2016, she followed up with telephone calls to the Plaintiff, and that

June 17, Plaintiff called her and agreed to the $500.00 settlement. Nevertheless, states

Countrywide's counsel, Plaintiff has not to date executed the settlement agreement.

In her response [Doc. #38], at ¶ 5, Plaintiff states that "it is clearly premature for

the Defendants to waste the court's time with such a motion prior to discovery of this

claim, merely based on a telephone call between the Plaintiff and Defendants and a brief

discussion of an offer to settle.  Does not constitute an agreement to settle or is an

admission of agreement."

---

[3] Defendant's Exhibit C.

## II.   LEGAL PRINCIPLES

This Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988), but that remedy is restricted to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement.  *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973). Indeed, "summary proceedings may result in inequities when ... such a dispute does exist."  *Id*.  Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock,* 841 F.2d at 154.  *See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000).  An oral agreement to settle may be enforceable, but only when "parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing...." *Re/Max International, Inc. V. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).  Even where there is a written memorialization, or where an agreement is placed o the record, however, it may not be enforceable if there is still ambiguity or uncertainty as to the parties' mutual understanding of all material terms.  *Therma-Scan, supra*; *Brock, supra*.  Enforceability of an alleged settlement agreement is analyzed under principles of contract law, and "[p]art of [the] threshold interpretation is the question of whether the terms of the...contract are ambiguous." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2nd Cir. 2000).  The grant or denial of a motion to enforce a settlement agreement is entrusted to the court's discretion.  *Re/Max International, supra.*

## III.   DISCUSSION

Countrywide states that it sent Plaintiff a written settlement offer "[a]s is routine in litigation." *Defendant's Motion*, at 3. But in determining whether there was a "meeting of the minds" as to all material terms of the proposed agreement, it must be remembered that

Ms. Bucciarelli is appearing *pro se*, and therefore it is likely that nothing in this litigation is "routine" to her.

Countrywide claims there is an enforceable agreement based on a voice mail message and a brief telephone conversation. Yet even Ms. Bucciarelli's voice mail of April 29, 2016 is ambiguous as to her acceptance of *all* the proposed terms. She states that "we can go ahead" with a $500.00 figure (which she later states she misread), but peppers the voice message with references to what she believes were Countrywide's numerous mistakes and misapplication of funds to her account. She asks that the attorney give her a call back. She makes no reference to Countrywide's other proposed terms, such as dismissal with prejudice and releases containing confidentiality and non-disclosure terms. Indeed, Ms. Bucciarelli had not seen those terms in writing at the time she called on April 29. When she did receive the written agreement that Defendant sent her on May 17, Plaintiff balked.[4]

So, we have an apparently confused and mercurial *pro se* Plaintiff who believes that she has a valid claim against Countrywide, and who states in response this motion that she did not and does not want to settle case without further discovery. The starkly different meanings that Ms. Bucciarelli and Defendant's counsel draw from their communications suggest that "their subsequent dispute makes clear that each heard only what it wanted to hear." *Therma-Scan, supra*, 217 F.3d at 420. Again, in order for this Court to enforce a settlement agreement, there must be no dispute or ambiguity as to the

---

[4] Defendant's counsel states at page 2 of her motion that "Plaintiff called counsel for Defendant on June 17, 2016 and agreed to honor her agreement to accept $500.00 in exchange for dismissing Defendant." There is no transcript of this conversation, and while I do not suggest that counsel is misrepresenting what was said, the Court does not have the benefit of the entire conversation, which would give context to her "agreement" to accept $500.00 and her apparent silence regarding the proposed non-monetary terms.

terms, lest enforcement lead to inequities. *Kukla, supra*. The Court must have a measure of confidence and certainty that the parties have in fact share a meeting of the minds as to all material terms. It is difficult on this record to say with confidence that there was a mutual understanding as to all the terms of the settlement.

## IV. CONCLUSION

Defendant Countrywide's motion to enforce settlement [Doc. #36] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 2, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen